JUDGE HERB ROSS (Recalled)

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
**605 West 4th Avenue, Room 138, Anchorage, AK 99501-2296 - (Website: www.akb.uscourts.gov)**
**Clerk's Office 907-271-2655 (1-800-859-8059 In-State) - Judge's Fax 907-271-2692**

> **Filed On**
> **12/22/06**

| | |
|---|---|
| Case No. A06-00304-HAR | In Chapter 7 |
| In re MITCHELL B. RADNEY, | |
| Debtor(s) | |
| JOHN M. MOSBY, | Adv Proc No A06-90055-HAR |
| Plaintiff(s) | **MEMORANDUM REGARDING INTENT TO ENTER SUMMARY JUDGMENT FOR PLAINTIFF AND OPPORTUNITY TO OBJECT** |
| v. | |
| MITCHELL B. RADNEY, | |
| Defendant(s) | |

John Mosby filed this adversary proceeding, seeking a declaration that a 1987 judgment of nondischargeability from the bankruptcy court in the Central District of California is nondischargeable in this Alaska bankruptcy filed 19 years later. The 1987 California nondischargeability judgment was entered by default and held that a judgment entered in favor of Mosby and against Radney in the Superior Court for Santa Barbara County in the State of California was nondischargeable.[1]

The basis for holding the California state court judgment nondischargeable is not stated in the bankruptcy court's judgment. In the current Alaska nondischargeability proceeding, Mosby

---

[1]A copy of the judgment of the California bankruptcy court is attached to the complaint as an exhibit. The judgment of the state court is not part of the present record, but is identified by case number.

1  seeks to have debtor's obligation to him held to be nondischargeable under three sections, 11 USC

2  §§ 523(a)(2)(A), (4), and (6)

3          In the Alaska bankruptcy case, the debtor lists John Mosby as a general unsecured creditor

4  for $700,000 for a "1987 Judgment Real Estate Matter." The claim is not listed as contingent,

5  disputed or unliquidated.[2] Several addresses are listed for Mosby in the schedule, one of which is

6  the same address Mosby uses in the adversary complaint that he filed *pro per*. Radney also

7  disclosed a Santa Barbara Superior Court suit, "Mosby v Radney," although it is listed as

8  "Pending."[3] Radney admits in his answer that a judgment of nondischargeability was entered in

9  "an earlier bankruptcy," but weasels on whether the copy of the 1987 nondischargeability

10  judgment was accurate.

11          Nonetheless, it was not incumbent upon Mosby to file this Alaska adversary to preserve his

12  prior bankruptcy court judgment of nondischargeability. There are sufficient facts in the present

13  record for the court to grant summary judgment that, to the extent Mosby was granted a

14  judgment of nondischargeability against the debt Radney owes him, Mosby does not have to file a

15  second nondischargeability proceeding the Alaska bankruptcy case to preserve the effect of the

16  earlier nondischargeability judgment. The 9th Circuit BAP, in In re Moncur,[4] held that a

17  judgment of nondischargeability that was entered in one bankruptcy case remained enforceable in

18  face of discharge of the same debtors in a subsequent Chapter 7 case, without need for the creditor

19  to file another nondischargeability proceeding in the second case.

20          There is sufficient undisputed evidence in the record to determine that Judge Naugle's

21  judgment in 1987 need not be relitigated in this Alaska bankruptcy 19 years later to retain its

22  force. I do not have to rule on the amount of Mosby's claim; I do not have to declare it is

23  _____

24  [2]Schedule F, Dkt 1.

25  [3]Statement of Affairs, Question 4, Dkt 1.

26  [4]In re Moncur, 328 BR 183, 186-91 (9th Cir BAP 2005).

27

28  MEMORANDUM REGARDING INTENT TO ENTER SUMMARY
    JUDGMENT FOR PLAINTIFF AND OPPORTUNITY TO OBJECT                          Page 2 of 3

1   $700,000, or more or less, to give Mosby relief.  Whatever the California judgment is, it is.  Nor do

2   I have to identify the particular section of 11 USC § 523 on which to base my summary judgment.

3   On whatever basis Judge Naugle denied nondischargeability, that basis rides through without this

4   court having to dwell on it.

5          There may be nonbankruptcy reasons that debtor can defend against Mosby's claim, such

6   as possible staleness of the California state court judgment, but it is not necessary for me to

7   determine that issue as a condition precedent to giving the Mosby the basic relief he is seeking –

8   that his 1987 debt remains nondischargeable.

9          I have chosen this route to resolve this dispute because plaintiff is *pro per* and debtor's

10  attorney is recuperating from heart surgery.  I am seeking a simple, inexpensive resolution, but

11  allowing sufficient time for debtor to point out any mistakes in my thinking which would merit a

12  fuller exploration of the facts and law.  Debtor will have until Friday, February 9, 2007, to file an

13  objection to entry of summary judgment as outlined in the order being entered concurrently.

14         DATED:  December 22, 2006

16

17                                    ____/s/ Herb Ross____
                                      HERB ROSS
18                                    U.S. Bankruptcy Judge

19  Serve:
    John M. Mosby, *Pro Per* π
20  Chris Johansen, Esq., for Δ
    Cheryl Rapp, Clerk
21  Peggy Gingras, Adv. Proc. Mgr.

22         12/22/06                                              D6135

MEMORANDUM REGARDING INTENT TO ENTER SUMMARY
JUDGMENT FOR PLAINTIFF AND OPPORTUNITY TO OBJECT                Page 3 of 3